

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

DIEP NGUYEN
*Assistant Corporation Counsel*
phone: (212) 341-9848
fax: (212) 788-9776
dinguyen@law.nyc.gov

November 23, 2009

**BY ECF**
Honorable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Verne Millette v. City of New York, et al., 09 CV 3443 (JBW) (LB)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney for defendants City of New York, Sergeant Rinaldi, Police Officer Manni, and Police Officer Martini ("defendants") in the above-referenced matter. Pursuant to the Court's October 29, 2009, Order, which directed the parties to file a Rule 26 Meeting Report in anticipation of the December 1, 2009, initial conference, defendants respectfully make this joint submission on behalf of all parties.

## Rule 26 Meeting Report and Joint Discovery Plan

**1.    General Requirements.** As required by the Court's October 29, 2009 Order, the items listed in Rule 26(f)(1)-(4) are addressed separately herein.

**Rule 26(f)(1).** As required by Rule 26(f)(1), on August 24, 2009, shortly after counsel for defendants was assigned to the matter, the parties began conferring in regard to this case.

**Rule 26(f)(2).** As required by Rule 26(f)(2), the parties have conferred in regard to the following topics and have come to the following agreements: (1) as to the nature and basis of their claims and defenses, the parties have discussed the claims and defenses; (2) as to the possibility of a prompt settlement, plaintiff has not provided an initial demand and thus, defendants are unable to initiate settlement discussions; accordingly, the parties respectfully request that the Court hold a settlement conference in this matter; (3) as to initial disclosures,

plaintiff has provided this office with his initial disclosures and defendants will provide same to plaintiff on or before December 15, 2009; (4) as to preservation of discoverable information, at this point the parties to not anticipate any issue in this regard; (5) the parties' proposed discovery plan is set forth below.

**Rule 26(f)(3)**. As required by Rule 26(f)(3), the parties have discussed the following topics and propose the following discovery plan:

(A) Other than extending the time for making initial disclosures, the parties do not anticipate requesting any changes to the timing, form or requirements for disclosures under Rule 26(a). Initial disclosures will be exchanged by December 15, 2009.

(B) The parties require discovery in regard to the incident that forms the basis of plaintiffs' claims. The parties anticipate that all discovery should be completed by June 1, 2010.

(C) At this juncture, the parties do not anticipate conducting discovery of any electronically stored information. The parties do, however, reserve the right to seek discovery of electronically stored information if same becomes necessary during the course of this litigation.

(D) In the event that plaintiff seeks discovery of employment and/or disciplinary records for any defendant officers, defendants will seek a protective order limiting use of same. Defendants will also object to the production of any documents regarding incidents that occurred more than 10 years prior to the incident, that were not substantiated, and that did not involve allegations of false statements or allegations of a similar nature as to those alleged in the complaint. Additionally, the parties agree that there will be no quick-peek provisions in this matter, but they do agree to allow claw-back of privileged materials inadvertently produced.

(E) At this point, the parties do not seek any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Civil Rules of Southern and Eastern District of New York.

(F) At this point, the parties do not seek a Court order under Rule 26(c) or under Rule 16(b) and (c) of the Federal Rules of Civil Procedure.

**Rule 26(f)(4)**. As required by Rule 26(f)(4), the parties have conferred in regard to an expedited schedule in this case, and at this point they do not believe that same is needed.

2. **Deadlines and Court Appearances.** The parties respectfully propose the following schedule with respect to deadlines and Court appearances:

- Deadline for all Rule 26(a) disclosures:  December 15, 2009

- Settlement Conference:  Week of March 29, 2010

- First Request for production of documents and first request for interrogatories due by:  December 15, 2009

2

- Deadline for joinder of additional parties and
  amendment of pleadings:                                    February 1, 2010

- Fact Discovery to be completed by:                         June 1, 2010

- Expert Discovery, if any, to be completed by:              June 1, 2010

    o Plaintiffs' report due:      June 14, 2010
    o Defendants' report due:      July 14, 2010

- Dispositive Motion Process started by:                     July 30, 2010

**3.    Other Discovery Matters.** The parties address the discovery matters listed below as follows:

      a.    The parties do not anticipate seeking any changes to the presumptive maximum number of interrogatories and depositions allowed under the rules (normally 25 interrogatories, including sub-parts, and 10 depositions);

      b.    The parties anticipate that they may conduct expert discovery;

      c.    The parties do not anticipate any discovery from sources that require specific planning, nor do the parties anticipate conducting discovery of electronically materials;

      d.    The parties do not seek any limitation on the subject matter of discovery at this point. The parties will attempt to resolve any disputes that arise in good faith among themselves and will only bring disputes to the Court pursuant to the Courts' individual rules in this regard.

I thank the Court for its time and consideration of these matters.

Respectfully submitted,

*/s/ Diep Nguyen*
Diep Nguyen
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    David B. Rankin, Esq. (By ECF)
       Attorney for Plaintiff
       350 Broadway, Suite 700
       New York, New York 10013